UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION, | No. 2:14-cv-1585-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER SETTING SHOW CAUSE HEARING |
| ROTONDA LLOPIS,<br>GERALD LLOPIS, | |
| Defendants. | |

On July 7, 2014, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for the County of Solano. ECF No. 1. Defendants have requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*, and have submitted the affidavit required thereunder which demonstrates that they are unable to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Defendants contend that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Id*. at 3. However, as detailed below, defendants have been notified on several occasions that this court lacks subject matter jurisdiction to resolve this unlawful detainer action. Further, the history of defendants' prior attempts to remove the underlying action to this court plainly shows that this removal petition was not filed in good faith.

/////

1

Defendants first removed this unlawful detainer action to this court on January 9, 2012. *See U.S. Bank National Association v. Llopis*, 2:12-cv-50-MCE-KJN. The assigned magistrate judge issued detailed findings and recommendations explaining the contours of federal subject matter jurisdiction. *Id*., ECF No. 6. Defendants were informed that this court lacked both federal question jurisdiction and diversity jurisdiction over the unlawful detainer action. Federal question jurisdiction was absent because the complaint filed by plaintiff in state court asserted a single state law claim for unlawful detainer. *See* 28 U.S.C. § 1331. Diversity jurisdiction was also lacking because the complaint unequivocally stated the amount of damages at issue was less than $10,000 and defendants had failed to allege facts establishing the citizenship of the parties. *Id*. *See* 28 U.S.C. § 1332. With no basis for jurisdiction, on July 9, 2012, the action was remanded to state court and the federal case was closed. *Llopis*, 2:12-cv-50-MCE-KJN, ECF No. 7.

The court's reasoning was ignored. Since the first removal, defendants have filed seven notices of removal in addition to the instant one, all seeking to remove the same unlawful detainer action.[1] *See* 2:12-cv-1289-MCE-EFB, 2:12-cv-1558-JAM-EFB, 2:12-cv-2864-GEB-GGH, 2:13-cv-163-KJM-DAD, 2:13-cv-1762-JAM-AC, 2:13-cv-2288-MCE-AC, and 2:14-cv-0843-KJM-CKD. In each of these cases, with the exception of one, the court explained to defendants that this court lacks subject matter jurisdiction over the unlawful detain action.[2]

Undeterred, defendants have now filed their ninth notice of removal. ECF No. 1. As has been previously explained to defendants on numerous occasions, there is no basis for jurisdiction over this unlawful detainer action. For the reasons stated in defendants' prior removal actions, this court lacks jurisdiction over this case.

---

[1] Some of the notices of removal were filed by only one of the defendants. Nevertheless, it is clear that by now both defendants should have a firm understanding that this court lacks subject matter jurisdiction over their case and therefore there are no grounds for removal.

[2] In *U.S. Bank National Association v. Llopis*, 2:12-cv-1558-JAM EFB, the court observed that at the time defendant Rotonda Llopis filed the notice of removal, she had already removed the identical unlawful detainer action, which at the time was pending in federal court. *See id*., ECF No. 4 at 1. As the unlawful detainer action was already before this court in a different case, there was no case in the Superior Court that defendant could have removed, and therefore the second federal case was administratively closed.

Finally, it is apparent that defendants are abusing the removal process.  A party is generally not permitted to file a second notice of removal upon the same grounds where the district court previously remanded the action.  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction[.]").  However, this prohibition does not apply "when subsequent pleadings or events reveal a *new* and *different* ground for removal."  *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)) (emphasis in original).

Here, defendants have disregarded this court's orders, and have continued to remove this action notwithstanding numerous orders explaining unequivocally that there is no basis for removal jurisdiction over this unlawful detainer action.  The many notices of removal filed over the past three years in spite of the earlier remand order are in apparent violation of Rule 11of the Federal Rule of Civil Procedure.

Rule 11 provides, "By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Rule 11sanctions are appropriate where (1) the pleading is frivolous; and (2) where the pleading was filed for an improper purpose.  *Westlake North Property Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990).  "Without question, successive complaints based upon

/////

propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986).

In light of defendants' conduct, defendants are ordered to appear before the court to show cause why sanctions should not be imposed for filing successive removals of the unlawful detainer action.[3]

Based on the foregoing, it is hereby ORDERED that:

1. Defendants' request to proceed *in forma pauperis* is granted.

2. A hearing is set before the undersigned on August 27, 2014, at 10:00 a.m. in Courtroom No. 8. The parties shall be prepared to discuss whether sanctions are appropriate based on defendants' successive removals.

DATED: July 31, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The fact that this court lacks subject matter jurisdiction does not preclude it from imposing sanctions for abusive tactics. *Trohimovich v. C.I.R.*, 776 F.2d 873, 875 (9th Cir. 1985), *abrogated on other grounds by Nordvik v. Commissioner*, 67 F.3d 1489, 1493 (9th Cir.1995).