1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. NATIONAL BANK ASSOCIATION,         No.  2:14-cv-1585-TLN-EFB PS

12           Plaintiff,

13       v.                                  ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   ROTONDA LLOPIS,
     GERARLD LLOPIS,
15
             Defendants.
16

17

18          Defendants were ordered to appear before the court on August 27, 2014, to show cause

19   why sanctions should not be imposed for filing successive removals of an unlawful detainer

20   action.  At the August 27 hearing, attorney Gary Decker appeared on behalf of plaintiff; attorney

21   Mark Ketcherside specially appeared on behalf of defendants.[1]  As stated on the record and for

22   the reasons set forth below, it is recommended that defendants be required to reimburse plaintiff

23   the reasonable costs incurred in resolving this action.  It is further recommended that this matter

24   be remanded and defendants be ordered not to file any further removal petitions and/or notices of

25   this unlawful detainer action.

26   /////

27   _____

28          [1]  This case, in which defendants were proceeding pro se, is before the undersigned
     pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1    Defendant Rotonda Llopis, proceeding pro se, filed a notice of removal of this unlawful

2  detainer action from the Superior Court of the State of California for the County of Solano.  ECF

3  No. 1.  In the notice of removal, defendant argue that this court has federal question jurisdiction

4  over this action pursuant 28 U.S.C. § 1331.  ECF No. 1 at 3.  However, as defendants including

5  Rotonda Llopis are well aware, this court lacks subject matter jurisdiction to resolve this unlawful

6  detainer action.  Defendants first removed this unlawful detainer action to this court on January 9,

7  2012.  *See U.S. Bank National Association v. Llopis*, 2:12-cv-50-MCE-KJM.  The assigned

8  magistrate judge issued detailed findings and recommendations explaining the contours of federal

9  subject matter jurisdiction.  *Id.*, ECF No. 6.  Defendants were informed that this court lacked both

10  federal question jurisdiction and diversity jurisdiction over the unlawful detainer action.  Federal

11  question jurisdiction was absent because the complaint filed by plaintiff in state court asserted as

12  single state law claim for unlawful detainer.  *See* 28 U.S.C. § 1331.  Diversity jurisdiction was

13  also lacking because the complaint unequivocally stated the amount of damages at issue was less

14  than $10,000 and defendants had failed to allege facts establishing the citizenship of the parties.

15  *Id.  See* 28 U.S.C. § 1332.  This was all clearly explained and with no basis for jurisdiction, on

16  July 9, 2012, the action was remanded to state court and the federal case was closed.  *Llopis*,

17  2:12-cv-50-MCE-KJN, ECF No. 7.

18    The court's reasoning was ignored.  Since the first removal, defendants have filed seven

19  notices of removal in addition to the instant one, all seeking to remove the same unlawful detainer

20  action.  *See* 2:12-cv-1289-MCE-EFB, 2:12-cv-1558-JAM-EFB, 2:12-cv-2864-GEB-GGH, 2:13-

21  cv-163-KJM-DAD, 2:13-cv-1762-JAM-AC, 2:13-cv-2288-MCE-AC, and 2:14-cv-0843-KJM-

22  CKD.  In each of these cases, with the exception of one, the court explained to defendants that

23  this court lacks subject matter jurisdiction over the unlawful detain action.  Defendants are now

24  abusing the court's processes.

25    Undeterred, defendants have now filed their ninth notice of removal.  ECF No. 1.  As has

26  been previously explained to defendants on numerous occasions, there is no basis for jurisdiction

27  over this unlawful detainer action.  For the reasons stated in the prior remand order, this court

28  lacks jurisdiction over this case.

1    In light of defendants' abusive removal practices in violation of Federal Rule of Civil

2   Procedure 11, and for the reasons stated at the August 27 hearing, defendants are ordered to

3   reimburse plaintiff the reasonable expenses incurred in litigating the instant removal to this court.

4   As ordered by the court at the hearing, James Lee, counsel for plaintiff, submitted a declaration

5   detailing the expenses plaintiff incurred in this action.  Having considered the declaration, ECF

6   No. 13, the court finds defendants shall reimburse plaintiff in the amount of $1,365.00.

7    Furthermore, the court finds that a pre-filing order is necessary to prevent defendants from

8   engaging in further abusive conduct.  Litigants who abuse the judicial process by repeatedly filing

9   "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are

10   frivolous or solely intended to cause unnecessary delay" are vexatious litigants.  Cal. Civ. Proc.

11   Code § 391 (West 2013) (adopted in the Eastern District of California by L.R. 151(b)).  District

12   courts are empowered "to file restrictive pre-filing orders against vexatious litigants with abusive

13   and lengthy histories of litigation" under the All Writs Act, 28 U.S.C. § 1651(a).  *Weissman v.*

14   *Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).  These orders may prevent litigants from

15   filing further actions until certain requirements are met, such as obtaining leave of court or filing

16   supporting declarations.  *Id*.  Additionally, "the federal district courts have inherent power to

17   require plaintiffs to post security for costs."  *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*,

18   37 F.3d 573, 574 (9th Cir. 1994).  The plaintiff may also be required to formally move the court

19   and obtain a court order approving the action before being permitted to continue.  *Id*.  The Ninth

20   Circuit has said, however, that restricting access to the court system is an "extraordinary remedy

21   that should be narrowly tailored and rarely used."  *Moy v. United States*, 906 F.2d 467, 470 (9th

22   Cir. 1990).

23    To issue a pre-filing order, the Ninth Circuit requires four condition be satisfied: (1) the

24   party must have adequate notice to oppose the order; (2) an adequate record must be provided,

25   listing the pleadings that led to the court's decision a vexatious litigant order was necessary; (3)

26   the court must make substantive findings that the filings were frivolous or harassing; and (4) the

27   order must be narrowly tailored.  *See DeLong v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir.

28   1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007).  The court

considers "both the number and content of the filings as indicia" when deciding whether a litigant's claims are frivolous. *DeLong*, 912 F.2d at 1148.

Here, all four conditions have been met. At the hearing, the court informed defendants' counsel of its intention to impose an order preventing further removal of the instant unlawful detainer action. Counsel did not state any objection to such an order. Further, as discussed above, the record shows that defendants have removed the same unlawful detainer action on nine separate occasions notwithstanding this court's numerous findings that it lacks jurisdiction over the matter.

Lastly, the pre-filing order can be narrowly tailored. Defendants should be ordered not to file any more removal petitions and/or notices of removal of this unlawful detainer action or related action involving the same subject matter. To enforce that order, the Clerk of the Court should not accept from defendants any further filings during the pendency of the state court unlawful detainer action until those filings have been screened by a judge of this court to determine whether the filing is another removal of this same case or another case involving the same subject matter. This screening requirement should remain in effect until the state court unlawful detainer litigation is finally resolved. The plaintiff in that action should be ordered to file a notice under this case caption informing the court that the state court litigation has been completed and include with the notice a copy of the document showing that the case has been finally resolved. Such an order is narrowly tailored to prevent further abuse conduct by defendants, while not unnecessarily limiting access to the court.

Accordingly, it is hereby ORDERED that defendants shall reimburse plaintiff for the reasonable expenses incurred in this action in the amount of $1,365.00. Such payment shall be made within fourteen (14) days from the date of this order.

Furthermore, it is hereby RECOMMENDED that:

1. Defendants be ordered not to file any more removal petitions and/or notices of removal of this unlawful detainer action or related action involving the same subject matter;

2. If defendants submit any further removal petitions and/or notices of removal in this court, the Clerk shall lodge the petition and/or notice and accompanying documents. The Clerk

4

1   shall not file the documents until it is reviewed by a judge of this court to determine whether the

2   filing is another removal of this same case or another case involving the same subject matter.

3   This screening requirement shall remain in effect until the state court unlawful detainer litigation

4   is finally resolved.

5       3.  The plaintiff in the state court action file a notice under this case caption informing the

6   court that the state court litigation has been completed.  Such notice shall include a copy of the

7   document(s) showing that the case has been finally resolved.

8       4.  This matter be remanded to the Superior Court of the State of California in and for the

9   County of Solano.

10      These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

15  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

16  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17  DATED:  January 20, 2015.

18
19                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28

5